**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **RENE Z. ROY** and | ) | Chapter 13 |
| **SUZANNE M. ROY**, | ) | Case No.: 15-20342 |
| | ) | |
| Debtors. | ) | |

**OPINION**

This matter is before me on the First Application of Lee Anne Graybeal, Esq. for Compensation for Services (Docket Entry ("DE") 49) (the "Fee Application"). In making my determination, I have considered the Fee Application, the Chapter 13 Trustee's (the "Trustee") objection (DE 55), and Ms. Graybeal's response (DE 65).

Ms. Graybeal bears the burden of proof as the applicant. *In re Hansbury*, 2015 WL 2445051, at *1 (Bankr. D. Me. May 20, 2015). The law I apply in reviewing fee applications is set forth in *In re Mullen*, 2014 WL 4988269, at *1 (Bankr. D. Me. Oct. 6, 2014).

Ms. Graybeal seeks allowance of $14,824 in fees and $551.22 in costs. The Trustee objects and asserts that the following amounts should be disallowed for the following reasons:

| | Amount | Reason |
|---|---|---|
| 1. | $1,662.50 | Time not reasonable or necessary. |
| 2. | $2,007.00 | Time overlaps other work and is duplicative. |
| 3. | $ 518.50 | Vague and imprecise billing entries. |
| 4. | $No total provided | Various time devoted to confirmation prior to pre-petition tax returns being filed with the taxing authorities. |

| 5. | $ 532.00 | Time associated with original fee application which was subsequently withdrawn. |
| 6. | $ 40.00 | Cost discrepancy. |
| 7. | $ 92.11 | Unnecessary postage and copy charges. |

In addition, the Trustee raises concerns about the understatement of the mortgage arrears, the failure of the Debtor to provide documents and information requested by the Trustee, and the needless duplication of costs for scheduling hearings prior to providing the Trustee with required documentation.

In her response, Ms. Graybeal addressed the Trustee's concerns. She asserted that time entries in categories 1 and 2 were actual and necessary and that none of the entries are vague. I agree with her in part, but I note that the Trustee's repeated request[1] for a more fulsome explanation of these entries has merit and I will therefore disallow fees by $1,000 for these two categories.

As to the objections in category 3, Ms. Graybeal asserted that the entries were not vague or imprecise. Apparently, the Trustee should have been able to ascertain their relevance, reasonableness and necessity by the context of the surrounding time entries. Ms. Graybeal provides, by way of example, the June 18, 2015 entry for 1.0 for "meeting with client". She maintains that from the other entries on the same date it is obvious that the meeting was to review the schedules and formulate a plan. That may be so to Ms. Graybeal, but it is not necessarily clear to one reviewing the fee application and the reviewer should not need to scour the application in order to determine the necessity or reasonableness of the fee request. While her assertions do have a ring of logic (we met

---

[1]  Ms. Graybeal previously applied for fees (DE 28) and the Trustee previously objected on some of the same grounds on which he objects here (DE 36). Ms. Graybeal withdrew her first application on November 18, 2015 in court.

about the schedules and the plan that day therefore the meeting must have been about those items), someone reviewing the time entries should not have to make such logical inferences. A professional applying for fees must comply with certain rules including the specificity and itemization requirements in Local Rule 2016-1 (a)(3)(i).[2]   *Cf.*, *Consolidated Memorandum Regarding Bankruptcy Petition Preparers*, 1997 WL 615657, at *3 (Bankr. D. Me. Sept. 19, 1997).  These entries do not meet those standards and are disallowed in the amount of $518.50.

As for category 5, my review of the application, in consideration of the Trustee's concerns that the failure of the Debtor to file income tax returns for the previous six years doomed the first confirmation process, leads me to disallow an additional $400. And I accept Ms. Graybeal's voluntary discount of an additional $664.11 ($532.00 in fees and $132.11 in costs) as offered in her response to the Trustee's objection.

Therefore, applying a "flexible paradigm", in keeping with my prior decisions on fee applications, I hereby grant the Fee Application in the amount of $12,373.50 for fees and $419.11 for costs.  *Berliner v. Pappalardo (In re Sullivan)*, 674 F.3d 65, 69 (1st Cir.2012). A separate order shall enter.

Date: February 5, 2016

/s/ Peter G. Cary
Hon. Peter G. Cary
Bankruptcy Court
U.S. District of Maine

---

[2]   D. Me. LBR 2016-1 (a)(3)(i) provides:

"**Time and Task Records.** The detailed statement required by Fed. R. Bankr. P. 2016(a) shall, <u>at minimum</u>, set forth a description of <u>each</u> task performed or service rendered, the date of performance or service, the identity of the individual performing each task or providing each service, and the time (in tenth of hour increments) expended on each task or service. Abbreviations and initials may be employed, but must be accompanied by explanations and references sufficient to make the itemization comprehensible." (*emphasis added*.)